10L 386
13L 104
1pi551

## DAN KANNON v. THE STATE.

CRIMINAL LAW *Murder*. The defendant was indicted for the murder of his wife and infant child, as one act, and found guilty of murder in the first degree as charged in the indictment, the bill of exceptions showing either that the murder of each was a separate act, or that the killing was unintentional as to the child. *Held*, that the defendant was entitled to a separate trial for each offense, although no application was made during the trial to require the State to elect for which offense it would proceed.

### FROM MAURY.

Appeal in error from the Circuit Court of Maury county. W. S. McLEMORE, J.

ANDREW McCLAIN and RUDOLPH for Kannon.

ATTORNEY-GENERAL LEA for The State.

COOPER, J., delivered the opinion of the court.

The prisoner has appealed in error from a conviction of the crime of murder in the first degree.

The indictment is that the defendant, on August 28, 1870, "upon the bodies of Susan Kannon and one Mack Kannon, feloniously, etc., did make an assault, and with a large stick and other deadly weapons, them the said Susan and Mack feloniously, etc., did strike and wound, giving to them, the said Susan and Mack, several mortal wounds, etc., of which said mortal wounds, they, the said Susan Kannon and the said Mack Kannon, then and there died," etc.  The indictment contains all the requirements of a charge of murder in the first degree.  The jury found the defendant guilty "of murder in the first degree as charged in the indictment."

The testimony of several witnesses is to the effect that in August, 1870, the dead bodies of Susan Kannon, the wife of the prisoner, and Mack Kannon, their infant child, were found in the woods lot near to the house of the defendant, where he and his family lived. On the back of the head of the wife was a bruised place, which had bled freely, and the neck of the child seemed to be broken from the way the head fell about. One witness further testifies that a night or two before the bodies were thus found, the defendant came to the house of the witness and told him that he intended to kill his wife, because she was pregnant with a child by another man.  Upon the witness undertaking to persuade him not to kill her but to leave her, the defend-

ant repeated that he intended to kill her and then hang himself. Another witness testifies that on the day the bodies were found the defendant came to the house of witness and told him that he had killed his wife and child, and that witness could find them over on the hill-side, and that he, defendant, was going to the woods to hang himself. The deputy sheriff, who arrested the prisoner, and another person who was with the deputy, testify that the defendant told them that he killed his wife and child; that he struck the wife with a hand-spike on the back of the head; that she had the child up in her arms with its head on her shoulder, when he struck her, and the lick broke its neck. He said that he had killed his wife because she was not true to him.

Susan Kannon, a daughter of the defendant by his deceased wife, who said at the trial in September, 1882, that she was sixteen years of age, and who, therefore, at the time of the killing must have been between three and four years of age, was examined as a witness. She testified that she saw her father kill her mother and Mack; that he struck his wife over the head with a rail, and struck her again after she fell; that he then took Mack by the heels, and mashed his brains out against a rock.

The verdict of the jury was guilty of murder in the first degree as charged in the indictment. The charge in the indictment was that the defendant had killed both the mother and child with the premeditation requisite to constitute that offense under the statute: Code, sec. 4598. There is evidence to sustain the ver-

dict as to the mother, but not as to the child.    The
only testimony which can be relied on at all as tend-
ing to establish the necessary ingredients of murder in
the first degree, as to the child, is the testimony of
the defendant's daughter.    But her testimony shows
that the act of killing the child was distinct from the
act of killing the wife.  And her recollection, if her
language be taken literally, is shown not to be relia-
ble by all the other testimony touching the condition
of the child's head when found.    And little reliance,
in any event, could be placed upon the memory of a
witness of such tender years at the date of the occur-
rence, and after the lapse of so long a period, in any
matter of detail.

Looking, then, to the confessions of the prisoner,
and in view of the absence of any testimony tending
to establish the elements of murder in the first degree
as to the child, the offense of killing the child would
only be murder in the second degree.    This court,
upon mature consideration, in a case where the facts
would not have warranted the disturbing of the ver-
dict against the prisoner, held, that upon a proper con-
struction of our statute, if the defendant intending to
kill the prosecutor, where the killing would have been
murder in the first degree, kill the wife of the pros-
ecutor, the offense would only be murder in the second
degree: *Bratton* v. *State,* 10 Hum., 103.  This decision
leads to the curious anomaly under the statute, that
while murder committed in an attempt to perpetrate
larceny, is murder in the first degree, yet the murder
of one person in an attempt to commit murder in the

first degree on another, would not be murder in the first degree. The result is, however, due to the elements required by the statute to constitute murder in the first degree, and the specific enumeration of crimes in the perpetration of which murder in the first degree may be committed. The statute is the creature of legislation, and the courts must abide by its terms.

The question, upon the state of facts in the record before us, is whether a verdict which finds the defendant guilty of murder in the first degree of two persons can stand when it is not sustained as to one of those persons?

An indictment against a defendant for the murder of two persons would be good upon its face, for the murder may be committed in the same degree, by one and the same act: *Fowler* v. *State*, 3 Heis., 154; *Womack* v. *State*, 7 Cold., 508. But if the evidence introduced upon the trial develop the fact that the murder of each was by a separate act, although in the same transaction and near the same time, or that there was a premeditated intention to kill one of them, and no intention at all to kill the other, the offenses would be distinct, and the State could be required to elect for which offense it would proceed to try the defendant. A refusal by the court to require the election at any time before the jury were charged would, it has been held, be error: *Womack* v. *State*, 7 Cold., 508. It is the right of the defendant, it was said, subject to no discretion of the court, to be tried for one felony only, and to withdraw every other from the consideration of the jury. In the case before us,

Kannon *v.* The State.

the court was not asked to require the State to elect. No objection was made to the trial of the defendant for both offenses. But it is clear that he was tried for two offenses, and that the verdict is erroneous as to one of them. Strictly, the indictment was for killing two persons as one act, and technically there would be no offense under it for merely killing one of the two. But, without laying any stress upon this point, we cannot know what effect the accumulated horror of the murder of the innocent child might have had upon the jury in finding their verdict for the murder of the wife, under the circumstances developed in the record. The defendant was entitled to be tried for only one indictment which charges two offenses in the same count, the punishment of each of which is different, is bad for duplicity: *Greenlaw* v. *State,* 4 Hum., 25. And the wrong of such an indictment equally applies, when the evidence shows that two such different offenses were in fact included in it.

The judgment will be reversed, and the prisoner remanded for another trial.