IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
(HEARD AT MEMPHIS)

FILED

FOR PUBLICATION

April 26, 1999

Filed: April 26, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

BRYANT DEWAYNE MILLEN,  )

Appellant,  )

)

)  SHELBY CRIMINAL

Vs.  )

)

)  HON. L. T. LAFFERTY  JUDGE

STATE OF TENNESSEE,  )

)

Appellee.  )  No. 02-S-01-9711-CR-00106

For Appellant:                              For Appellee:

Leslie I. Ballin                               John Knox Walkup
Mark A. Mesler                            Attorney General & Reporter
BALLIN, BALLIN & FISHMAN, P.C.
Memphis, Tennessee                      Michael E. Moore
                                            Solicitor  General

                                            Daryl J. Brand
                                            Senior Counsel
                                            Criminal Justice Division
                                            Nashville, Tennessee


                                            At Trial:
                                            John W. Pierotti
                                            District Attorney General

                                            Thomas D. Henderson
                                            Assistant District Attorney General
                                            Memphis, Tennessee

# O P I N I O N

COURT OF CRIMINAL APPEALS
AFFIRMED.                                         ANDERSON, C.J.

We granted this appeal to determine whether one who intends to kill a specific person but instead kills an innocent bystander may be convicted of premeditated and deliberate first degree murder under the common law doctrine of "transferred intent."[1]

The defendant, who intentionally fired several gunshots at a specific person but inadvertently killed a random victim near the scene, was convicted of premeditated and deliberate first degree murder. The author of the Court of Criminal Appeals' opinion concluded that the trial court properly instructed the jury on the doctrine of transferred intent under Tennessee law; however, one judge on the three-judge panel concurred in results only, and the other judge wrote a concurring opinion questioning the application of transferred intent.

We conclude that it is unnecessary to resort to the common law doctrine of transferred intent under our first degree murder statutes. The definition of "intentional" in the statute does not require the State to prove that the defendant killed the intended victim. Instead it requires the State to prove that <u>the defendant intended to kill a person</u>, i.e., that the defendant had a "conscious objective or desire to . . . cause the result. As in the present case, where a defendant, acting with premeditation and deliberation, kills one person while intending to "engage in the conduct <u>or</u> cause the result," first degree murder is proven.[2] Moreover, where an innocent bystander is killed during a defendant's attempt to perpetrate first degree murder, first degree felony

---

[1] Oral argument was heard in this case on May 12, 1998, in Memphis, Shelby County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

[2] At the time of this offense, first degree murder was defined as the "intentional, premeditated and deliberate killing of another." Tenn. Code Ann. § 39-13-202(a)(1) (1991) (now codified in Tenn. Code Ann. § 39-13-202(a)(1) (1997), the offense no longer contains the element of "deliberation"). The culpable mental state of intentional "refers to a person who acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire to engage in the conduct or cause the result." Tenn. Code Ann. § 39-11-302(a) (1991) (now codified in Tenn. Code Ann. § 39-11-302(a)(1) (1997)).

murder is proven.[3]  Accordingly, although the trial court erred in instructing the jury on transferred intent, we affirm the judgment of conviction of first degree murder.

## BACKGROUND

In June of 1994, the defendant, Bryant Dewayne Millen, told friends that he was tired of harassment from Tony Gray and that if he saw Gray again, he was "going to blast on him."  According to the evidence, Millen was a member of a gang known as the "Bloods," and Gray was a member of a rival gang called the "Crips."  Later that day, Millen obtained a handgun and ammunition from a friend.  He proceeded to the corner of Graceland and David in Memphis and placed a red bandana around his head and another over his mouth.

When a car containing Tony Gray and other passengers proceeded slowly along Graceland, Millen drew his weapon and ran toward the car firing several shots.  One of the shots struck and killed fourteen-year-old Lanetta King, who had been walking home from school.  Millen fled from the scene and was later found at his father's home.  The handgun he had used was found buried in the backyard.  Millen later confessed to the shooting.

The trial court instructed the jury on the elements of premeditated and deliberate murder and felony murder, both of which had been charged in the indictment.  The trial court also charged the jury that "[u]nder a doctrine known as 'transferred intent,' a crime may be murder although the person killed was not the one whom the accused intended to kill such as where one shooting at another kills a bystander or third person coming within ranges."  The jury convicted Millen of premeditated and deliberate first degree murder.

---

[3]  At the time of this offense, first degree felony murder was defined as "[a] reckless killing of another committed in the perpetration of, or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping or aircraft piracy."  Tenn. Code Ann. § 39-13-202(a)(2) (1991) (now codified in Tenn. Code Ann. § 39-13-202(a)(2) (1997), the offense no longer includes the element of "reckless").

On appeal, the author of the Court of Criminal Appeals' opinion observed that the transferred intent doctrine, pursuant to which a defendant is no less culpable for killing an unintended victim, presented "an interesting and novel issue." He concluded:

> Tennessee's murder statute defines first degree murder as the "intentional, premeditated and deliberate killing of another." Tenn. Code Ann. § 39-13-202 (1991). The Code does not limit the killing to the intended victim or that person. Accordingly, we find that Tenn. Code Ann. § 39-13-202 (1991) incorporates the doctrine of transferred intent. The appellant's conviction can be sustained provided he intended, with premeditation and deliberation, to kill his intended victim.

Although the panel of judges appeared to differ on the application of the transferred intent doctrine, the appellate court found that the evidence was sufficient to support the elements of premeditated and deliberate first degree murder and affirmed the conviction.

We granted this appeal to consider the viability of the common law doctrine of transferred intent under Tennessee law.

## ANALYSIS

### Common Law

Under the so-called "transferred intent" doctrine, a defendant who intends to kill a specific victim but instead strikes and kills a bystander is deemed guilty of the offense that would have been committed had the defendant killed the intended victim. 2 Charles E. Torcia, *Wharton's Criminal Law* § 146 (15th ed. 1994); 1 Wayne R. LaFave & Austin W. Scott Jr., *Substantive Criminal Law* § 3.12(d) (1986). The doctrine has been widely applied to all forms of homicide by the majority of courts. See LaFave & Scott, § 3.12(d) at 399. As one Court has said:

> The common law doctrine of transferred intent was applied in England as early as the 16th century. The doctrine became part of the common law in many American jurisdictions . . . and is typically invoked in the criminal law context when assigning criminal liability to a defendant who attempts to kill one person but accidentally kills another instead. Under such circumstances, the accused is deemed as culpable, and society is harmed

> as much, as if the defendant had accomplished what he had initially intended, and justice is achieved by punishing the defendant for a crime of the same seriousness as the one he tried to commit against his intended victim.

People v. Scott, 59 Cal. Rptr. 2d 178, 14 Cal. 4th 544, 927 P.2d 288, 291 (1996) (citations omitted).

Although transferred intent has been and continues to be applied by the majority of courts, the history of the doctrine as part of the common law of Tennessee is, at best, unclear, at least with regard to first degree murder.[4]

In the first case in which the Tennessee Supreme Court considered the doctrine, Bratton v. State, 29 Tenn. 103 (1849), there was a question as to the defendant's intent to shoot and kill the victim while attempting to kill the victim's husband. The jury was instructed on the transferred intent doctrine and convicted the defendant of first degree murder. On appeal, this Court held that transferred intent did not apply under Tennessee's first degree murder statute, which then read:

> [A]ll murder which shall be perpetrated by means of poison, lying in wait, or any other kind of willful, deliberate, malicious and premeditated killing; or which shall be committed in the perpetration of, or attempt to perpetrate any arson, rape, robbery, burglary, or larceny, shall be deemed murder in the first degree.

Id. at 106. The Court reasoned that to prove murder in the first degree, "it must be established, that there existed in the mind of the agent, at the time of the act, a specified intention to take the life of the particular person slain." Id. at 107-08 (emphasis added); accord Sanders v. State, 151 Tenn. 454, 270 S.W. 627 (1925); Kannon v. State, 78 Tenn. 386 (1882).

---

[4] Although this Court has never expressly held that the doctrine of transferred intent applies to first degree murder, we note that Court of Criminal Appeals' cases have upheld a first degree murder conviction under the doctrine. State v. Fair, No. 02C01-9403-CR-00055 (Tenn. Crim. App., Nov. 15, 1995). Other cases have affirmed second degree murder convictions under the doctrine. See Harper v. State, 206 Tenn. 509, 334 S.W.2d 933 (1960); State v. Summerall, 926 S.W.2d 272, 275 (Tenn. Crim. App. 1995).

The next significant development in the common law and the statutory law of transferred intent in this state occurred in Sullivan v. State, 173 Tenn. 475, 121 S.W.2d 535 (1938). The Court upheld the conviction for deliberate and premeditated murder where the defendant attempted to shoot his brother and accidentally shot and killed his brother's wife who was standing nearby. The Court, however, distinguished Bratton by noting that the legislature had amended the first degree murder statute to state that "[e]very murder perpetrated by means of poison, lying in wait, or by any other kind of willful, deliberate, malicious, and premeditated killing, or committed in the perpetration of, or attempt to perpetrate, any murder in the first degree, arson, rape, robbery, burglary, or larceny, is murder in the first degree." Id. at 537. The Court concluded that this amendment to the first-degree murder statute fixed the "curious anomaly" created by Bratton, and held:

> It follows that, under the statute as thus amended, when the defendant shot and killed [the deceased] while he was attempting to perpetrate or commit murder in the first degree upon the body of [his brother] he committed murder in the first degree. And the attempt to commit murder in the first degree upon [his brother] supplies the elements of deliberation and premeditation; so that the State did not have to show deliberation and premeditation on the part of defendant to take the life of deceased.

Id.

Finally, in Harper v. State, 206 Tenn. 509, 334 S.W.2d 933 (1960), the Court indirectly commented on the transferred intent doctrine, stating that "[t]he law is that if an unlawful act directed at a particular person for the purpose of taking his life accidentally brings about the death of a third person against whom no injury was intended the party inflicting the act is guilty to the same extent as if he had a specific intention to take the life of the person who was killed." Id. at 936. This language is cited by the concurring judge in the Court of Criminal Appeals' opinion in this case. The Harper case, however, involved second degree murder. Id. at 934.

In our view, the common law history of the transferred intent rule has little application under our modern statutory law. At the time of the offense committed by Millen, first degree murder included:

> (a)(1) An intentional, premeditated and deliberate killing of another; or (2) A reckless killing of another committed in the perpetration of, or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping or aircraft piracy.

Tenn. Code Ann. § 39-13-202 (1991). The authoring judge of the Court of Criminal Appeals' opinion determined that the statute did not limit its application to the intended victim and, in fact, used the term "another" in (a)(1) to encompass any victim. While we disagree with this broad construction of the statute, we nevertheless conclude that the first degree murder statutes apply in cases like this one without resort to the common law doctrine of transferred intent.[5]

In our view, prosecuting these "unintended victim" cases as felony murder would appear to be the most appropriate application of the statute. The plain meaning of the felony murder statute is that a killing in the course of an attempted first degree murder is first degree felony murder. If the prosecution establishes that a defendant attempts to commit the premeditated and deliberate first degree murder of a specific victim but instead kills an unintended victim, the defendant may be guilty of first degree felony murder.[6] This result is plain from the statutory definition of the crime, without resort to

---

[5] It appears that other jurisdictions likewise have found support for the transferred intent doctrine within the applicable statutory language governing first degree murder and its elements. See, e.g., Ala. Code § 13A-6-2(a) (1994) ("[a] person commits the crime of murder if . . . [w]ith intent to cause the death of another person, he causes the death of that person or of another person"); Ariz. Rev. Stat. § 13-203 (1997) ("[i]f intentionally causing a particular result is an element of an offense, and the actual result is not within the intention or contemplation of the person, that element is established if . . . [t]he actual result differs from that intended or contemplated only in the respect that a different person . . . is injured or affected"); Ky. Rev. Stat. Ann. § 507.020 (Michie 1990) ("[a] person is guilty of murder when . . . [w]ith intent to cause the death of another person, he causes the death of such person or of a third person"); 720 Ill. Comp. Stat. 5/9-1(a) (1993) ("[a] person . . . commits first degree murder if, in performing the acts which cause the death . . . he either intends to kill or do great bodily harm to that individual or another"); 39 N.Y. Penal Law § 125.27 (McKinney 1998) ("[w]ith intent to cause the death of another person he causes the death of such person or of a third person"). See also Model Penal Code § 2.03(2)(a) (1962). Other jurisdictions simply appear to retain the common law doctrine. See, e.g., Poe v. State, 671 A.2d 501 (Md. 1996).

[6] The only remaining element under the statute applicable to this case is that the killing be reckless, an element that is virtually certain to be satisfied if the underlying predicate felony is attempted first degree murder. Moreover, the reckless element is no longer contained in first degree felony murder.

the legal fiction of transferring the defendant's intent from the intended victim to another.

The statutes, however, further make clear that a defendant may also be charged, tried, and convicted of premeditated and deliberate murder as well.  The legislature has broadly defined an "intentional" act as: "a person who acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire <u>to engage in the conduct or cause the result</u>."  Tenn. Code Ann. § 39-11-302(a) (1991) (emphasis added).  A plain reading of this statute as applied to first degree murder indicates that a defendant's conscious objective need not be to kill a specific victim.  Rather, the statute simply requires proof that the defendant's conscious objective was to kill a person, i.e., "cause the result."  In short, if the evidence demonstrates that the defendant intended to "cause the result," the death of a person, and that he did so with premeditation and deliberation, then the killing of another, even if not the intended victim (i.e., intended result), is first degree murder.

Here, as the Court of Criminal Appeals concluded, the evidence was clearly sufficient to support the elements of the offense.  Millen's actions -- expressing his intent to "blast" Tony Gray, obtaining a gun and ammunition in advance, proceeding to the scene where Tony Gray was later present, pursuing the car in which Gray was riding, and firing several gunshots at the car – establish that Millen's conscious objective was to engage in the <u>conduct</u> as well as to achieve the <u>result</u> of killing Gray. Moreover, the evidence established that Millen's intentional conduct was accompanied by premeditation, i.e., the exercise of reflection and judgment, and deliberation, i.e., a cool purpose.  Tenn. Code Ann. § 39-13-201 (1991).  Analyzing the evidence in this case under the statutes as written therefore demonstrates that Millen was guilty of premeditated and deliberate first degree murder, even though he killed an unintended victim.

---

Tenn. Code Ann. § 39-13-202(a)(2) (1997).

## CONCLUSION

The Tennessee statutes governing first degree murder, as written, apply to cases in which a defendant intends to kill a specific victim but instead kills an unintended third party.  The most obvious application of the first degree murder statute is that killing an innocent bystander during an attempt to perpetrate first degree murder constitutes felony murder.  Alternatively, if the defendant kills an innocent bystander, the evidence may satisfy the elements of intent, premeditation, and deliberation, particularly given the broad definition of "intentionally," which includes the conduct or result.   Such is the case here.

The Court of Criminal Appeals' judgment is affirmed.  Costs of appeal shall be paid by the defendant, for which execution shall issue if necessary.

_____
RILEY ANDERSON, CHIEF JUSTICE

**CONCUR:**

Drowota, Birch, Holder, and Barker, JJ.