IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 10, 2003

## RICKY HILL KRANTZ  v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 94-A-21     J. Randall Wyatt, Jr., Judge**

---

**No. M2002-02978-CCA-R3-PC - Filed February 27, 2004**

---

The Appellant, Ricky Hill Krantz, appeals the dismissal of his petition for post-conviction relief by the Davidson County Criminal Court.  Krantz is currently incarcerated as a result of his jury convictions for first degree felony murder and aggravated assault.  On appeal, Krantz raises the single issue of whether he received ineffective assistance of counsel at trial.  After review of the issue, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P. J., and DAVID H. WELLES, J., joined.

Michael A. Colavecchio, Easterly & Associates, Nashville, Tennessee, for the Appellant, Ricky Hill Krantz.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Dan Hamm and Katrin Miller, Assistant District Attorneys General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Appellant is currently incarcerated as a result of his convictions for the felony murder of Dan Newland and the aggravated assault of Gary Dean Harris.  After an evening of socializing at the Next Door Tavern in Nashville, the Appellant challenged another patron, Kevin Williams, to arm wrestle him with money being wagered on the contest.  Williams won the match.  In a rematch, the Appellant grabbed Williams' hand and slapped it down on the bar before the match began.  The Appellant then picked up the money and began to leave, but was grabbed by Jack Speakman, a friend

of Williams, and thrown to the floor. Williams recovered his money from the Appellant while the Appellant was on the floor. Upon leaving the tavern, the Appellant angrily told Speakman, "I'll be back to kill you, you S.O.B." Another witness at the tavern overheard the Appellant exclaim that he was going to get a gun and, when he came back, he would kill Speakman and Williams. Approximately thirty to forty minutes later, the Appellant returned with a shotgun. The Appellant entered the door of the tavern and fired two shots, one fatally striking Newland and the other striking Harris, resulting in serious bodily injury.

On direct appeal, this court found in a challenge to the sufficiency of the evidence that the "evidence establishes beyond a reasonable doubt that the [Appellant] recklessly killed Dan Newland during the attempted murder of Williams. *See* Tenn. Code Ann. § 39013-202(a)(2) (1991)."[1] *State v. Ricky Hill Krantz*, No. 01C01-9406-CR-00207 (Tenn. Crim. App. at Nashville, Jan. 7, 1998).

## Analysis

The Appellant was charged with felony murder in that he recklessly killed Danny Newland during the attempt to perpetrate first degree murder. *See* Tenn. Code Ann. § 39-13-202(a)(2) (1991) (repealed 1995). On appeal, the Appellant argues that trial counsel was ineffective for failing "to make clear to the jury that the only way to find a defendant guilty under the felony murder rule was to find that the [Appellant] killed a person while also either committing, or attempting to commit, the crime of first degree murder, an act of terrorism, arson, rape, robbery, burglary, theft, kidnapping, aggravated child abuse, aggravated child neglect, or aircraft piracy."

The Appellant's argument that he "was never found guilty of any of the underlying felonies proscribed (sic) under the statute" is clearly misplaced. The Appellant was convicted of the underlying felony of attempting to commit the crime of first degree murder of Kevin Williams. Again, as noted by this court in the direct appeal, "[based upon the evidence] the jury was entitled to conclude that the [Appellant] recklessly killed Newland while acting with premeditation and deliberation in attempting to kill Williams, carrying out his actions with a cool purpose." *Ricky Hill Krantz*, No. 01C01-9406-CR-00207.

Our supreme court held in *Millen v. State*, 988 S.W.2d 164, 167-68 (Tenn. 1999), that when prosecuting an "unintended victim case," as was the situation in this case, "felony murder would appear to be the most appropriate application of the [first degree murder] statute."

> The plain meaning of the felony murder statute is that a killing in the course of an attempted first degree murder is first degree felony murder. If the prosecution establishes that a defendant attempts to commit the premeditated and deliberate first

---

[1] At the time of this offense, first degree felony murder was defined as "[a] reckless killing of another committed in the perpetration of, or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping or aircraft piracy." Tenn. Code Ann. § 39-13-202(a)(2) (1991) (as codified in Tenn. Code Ann. § 39-13-202(a)(2) (2003), the offense no longer includes the element of "reckless").

degree murder of a specific victim but instead kills an unintended victim, the defendant may be guilty of first degree felony murder. This result is plain from the statutory definition of the crime, without resort to the legal fiction of transferring the defendant's intent from the intended victim to another.

*Id.* To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003).

Before we can find ineffective assistance of counsel, we must first find deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In support of his ineffective assistance claim, the Appellant argues that his conviction for felony murder was not predicated upon any of the statutorily enumerated felonies of Tennessee Code Annotated section 39-13-202. As previously noted, this court on direct appeal and the record in this case establish that this allegation is unfounded. Because we conclude that trial counsel's representation was not deficient with regard to the issue presented, we find the allegation of ineffective assistance without merit. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Accordingly, no relief is warranted.

## CONCLUSION

Based upon the foregoing, the Davidson County Criminal Court's dismissal of the Appellant's post-conviction petition is affirmed.

_____
DAVID G. HAYES, JUDGE