# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### April 8, 2014

## JEREMY JARVIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. 40800726     Michael R. Jones, Judge**

---

**No. M2013-01640-CCA-R3-PC - Filed May 14, 2014**

---

The Petitioner, Jeremy Jarvis, appeals the denial of post-conviction relief, alleging ineffective assistance by counsel. Petitioner alleges that trial counsel was unaware of the law concerning self-defense until trial and was ineffective by asserting the defense of self-defense with regard to the death of an innocent third person; and was ineffective by failing to attempt to negotiate a settlement of the case short of trial. Finding that the court properly denied post-conviction relief, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE H. WALKER, III, SP.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Roger E. Nell, Clarksville, Tennessee, for the appellant, Jeremy Jarvis.

Robert E. Cooper, Jr., Attorney Gneral and Reporter; Clark Bryan Thornton, Assistant Attorney General; John W. Carney, District Attorney General; and Steven Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner was found guilty by jury of the second degree murder of Willard Ross, a Class A felony; the attempted second degree murder of Jovan Dixon, a Class B felony; one count of reckless endangerment, a Class E felony; and one count of possession of a weapon with the intent to go armed, a Class A misdemeanor. The trial court sentenced Petitioner as a Range I, standard offender to twenty-five years for his murder conviction, twelve years for his attempted murder conviction, two years for his felony reckless endangerment conviction,

and eleven months, twenty-nine days for his misdemeanor conviction. The trial court ordered Petitioner to serve his sentence for attempted second degree murder consecutively to his sentence for second degree murder and the remaining sentences concurrently with each other and with his sentence for second degree murder, for an effective sentence of thirty-seven years. On appeal, Petitioner argued that the evidence was insufficient to support his convictions of second degree murder and attempted second degree murder. The convictions were upheld. *State v. Jeremy A. Jarvis*, No. M2008-02711-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 838 (Tenn. Crim. App. Oct. 1, 2010) *perm. app. denied* (Tenn. Jan. 13, 2011).

Petitioner filed a timely pro se petition for post-conviction relief alleging that his retained trial counsel was ineffective. Counsel was appointed for the post-conviction proceeding. The petition was amended and after a hearing the post-conviction court denied relief. This appeal followed.

**Facts at trial**:

The facts of the case were summarized in the opinion on direct appeal. As pertains to the issues on post-conviction, they may be stated as follows: Petitioner and four others drove to Wal-Mart at approximately 1:00 p.m. on June 25, 2007. Petitioner was armed at the time. One of the passengers entered the store as Javon Dixon was exiting. There was a verbal confrontation with Dixon and racial slurs were exchanged. Dixon sat down in his vehicle and started the ignition. Petitioner exited his vehicle. Dixon pulled out a gun and began firing as he drove away. Petitioner ducked down and then reached inside his vehicle for his weapon. Petitioner fired several shots at Dixon's vehicle as he drove toward the fireworks stand through the crowded parking lot. Petitioner fired his weapon at Dixon in the direction of the fireworks tent where Mr. Willard Ross was standing. Ross was killed by a bullet from Petitioner's gun. *State v. Jeremy A. Jarvis*, 2010 Tenn. Crim. App. LEXIS 838, at *2-14.

**Post-conviction hearing**:

At the post conviction hearing, trial counsel and Petitioner testified. Trial counsel had been in practice in criminal defense for over twenty-five years. He was retained to represent Petitioner and spent over one hundred hours on the case. He interviewed Petitioner multiple times in formulating a defense. He visited the scene and interviewed numerous witnesses and officers. Petitioner had made a statement to police describing the shooting at Dixon as "retaliation." Counsel agreed that his theory was self-defense because Petitioner was shooting back at Dixon, who shot at him first. Petitioner was charged with first degree

murder and counsel's goal was to "convince the jury that my client wasn't guilty of felony murder or second degree murder." Counsel hired two other attorneys to help with legal research and to provide advice. He presented several theories to the jury, including mutual combat, in an effort to provide the jury with several alternatives to finding the petitioner guilty of the most serious charge of first degree murder.

Counsel admitted that his notes concerning the case did not include reference to Tennessee Code Annotated section 39-11-604, which precludes the use of self-defense as a defense when the use of force recklessly injures or kills an innocent third party, and that he was pursuing a defense of self-defense during the trial. Counsel admitted that during closing argument, he told the jury that Petitioner was acting in self-defense, and perhaps he was guilty of criminal negligence with regard to Mr. Ross. He testified he was trying to convince the jury to find something less than felony murder.

Petitioner testified that trial counsel came to see him at the jail a few times. He acknowledged receiving letters from counsel and that he told counsel what occurred on the day of the shooting. Petitioner testified he was not told of any plea offers until the day of trial and that he rejected that offer.

## ANALYSIS

Petitioner alleges that trial counsel was ineffective because (A) he was unaware of the law concerning self-defense until trial and was ineffective by asserting the defense of self-defense as to an innocent third person; and (B) by failing to attempt to negotiate a settlement of the case short of trial. Petitions for post-conviction relief are governed by the Post-Conviction Procedure Act. Tenn. Code Ann. §§ 40-30-101 to -122 (2010). To obtain relief, the petitioner must show that his conviction or sentence is void or voidable because of the abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103. The petitioner must prove his factual allegations supporting the grounds for relief contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(2)(f); *see Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is clear and convincing when there is no substantial doubt about the accuracy of the conclusions drawn from the evidence. *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

The post-conviction court's findings of fact are conclusive on appeal unless the evidence in the record preponderates against them. *See State v. Nichols*, 90 S.W.3d 576, 586 (Tenn. 2002) (citing *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999)); *see also Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). The petitioner has the burden of establishing that

the evidence preponderates against the post-conviction court's findings. *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). This court may not re-weigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. *Nichols*, 90 S.W.3d at 586. Furthermore, the credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court. *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

Article I, section 9 of the Tennessee Constitution provides "[t]hat in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel . . . ." Similarly, the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the [a]ssistance of [c]ounsel for his defen[s]e." These constitutional provisions guarantee a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011).

Establishing deficient performance requires showing "that counsel's representation fell below an objective standard of reasonableness," a standard which is measured by "professional norms" prevailing at the time of the representation. *Strickland*, 466 U.S. at 688; *see also Baxter*, 523 S.W.2d at 932-33. Counsel's performance is not deficient if the advice given or the services rendered "are within the range of competence demanded of attorneys in criminal cases." *Baxter*, 523 S.W.2d at 936; *see also Strickland*, 466 U.S. at 687 ("[T]he proper standard for attorney performance is that of reasonably effective assistance."). However, courts may not judge counsel's performance using "20-20 hindsight." *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). Rather, every effort should be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Mobley v. State*, 397 S.W.3d 70, 81 (Tenn. 2013); *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Strickland*, 466 U.S. at 690, and "the burden to 'show that counsel's performance was deficient' rests squarely on the [petitioner]," *Burt v. Titlow*, 571 U.S. — , — , 134 S. Ct. 10, 17, 187 L. Ed. 2d 348 (2013) (quoting *Strickland*, 466 U.S. at 687); *see also Burns*, 6 S.W.3d at 462 ("[A] reviewing court must be highly deferential and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.").

-4-

The second part of an ineffective assistance of counsel claim-prejudice-requires a petitioner to prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006); *Goad*, 938 S.W.2d at 370.

## A. SELF-DEFENSE

Petitioner was on trial for the attempted murder of Jovan Dixon and murder of Mr. Ross. The facts as relayed to trial counsel by Petitioner were that Petitioner was in the crowded parking lot of Wal-Mart and Jovan Dixon fired a pistol in his direction. Petitioner admitted to police that he "retaliated" and fired a pistol at Dixon. Petitioner testified at the post-conviction hearing he observed Dixon reach under the seat of his car and knew something was going on. Petitioner got out of his car with a pistol and, after Dixon fired, Petitioner returned fire. Petitioner testified: "[S]omebody was trying to take me out for no reason. And I was trying to defend myself, man."

The fact that Dixon fired first in the direction of Petitioner presented an issue for the jury to determine whether Petitioner acted in self-defense as to Dixon. It was not ineffective assistance of counsel for trial counsel to pursue self-defense with the jury. Petitioner asserts that if self-defense was argued as to the attempted murder of Dixon, it should not have been asserted as to the murder of Mr. Ross due to Tennessee Code Annotated section 39-11-604, of which trial counsel was unaware until trial began.

Tennessee Code Annotated section 39-11-604 states that "[e]ven though a person is justified under this part in threatening or using force or deadly force against another, the justification afforded by this part is unavailable in a prosecution for harm to an innocent third person who is recklessly injured or recklessly killed by the use of such force." The Sentencing Commission Comments state that "[t]his section provides that a defendant may be justified in using force against another person but criminally responsible if that use of force recklessly injures a third person. The underlying principle is that a defendant's culpability is to be measured independently for each victim. The section is designed to deter reckless conduct that could harm innocent third persons."

However, the jury rejected the theories of self-defense and reckless or negligent conduct. As stated in the opinion on direct appeal from the conviction:

Based on our review, we conclude that a rational trier of fact could find beyond a reasonable doubt that Defendant knowingly, and not with criminal negligence, fired his weapon at Mr. Dixon in the direction of the fireworks tent where Mr. Ross was

standing. *See Millen v. State*, 988 S.W.2d 164, 168 (Tenn. 1999) (holding that if a defendant knowingly fires his weapon at a specific person, and an innocent bystander is killed, the element of intent as to the criminal liability for the death of the bystander is satisfied).

*State v. Jeremy A. Jarvis*, 2010 Tenn. Crim. App. Lexis 838, at *18-19.

Even if trial counsel was unaware of the provisions of Tennessee Code Annotated section 39-11-604, which is designed to deter reckless conduct that could harm innocent third parties, the trial strategy used was not ineffective assistance of counsel. The post-conviction court found that if trial counsel's lack of knowledge of the statute was deficient, there was no showing that his lack of knowledge was below the range of competence demanded in this type of trial. That is, trial counsel's performance was not deficient. In addition, if it was deficient, there was no showing of prejudice. Petitioner certainly has not shown that if trial counsel had known about the statute that the result of the proceeding would have been different.

The post-conviction court made the following findings:

The only deficiency is that counsel did not know that self defense was not a defense to reckless homicide involving an innocent third party. There is no showing that his lack of knowledge was below that of the range of competence demanded in this type of trial. The defendant was charged with felony murder with the felony being attempt to commit first degree murder. Counsel focused his defense in an effort to avoid conviction for felony murder. The choice for the jury ranged from felony murder to criminally negligent homicide. Counsel focused on the mental state of the Petitioner from voir dire through closing statement. "It was seconds not minutes." Prior to final argument certainly counsel was aware that he had no total defense to Mr. Ross' homicide. Counsel took the road of telling the jury that the Petitioner had made mistakes, he is guilty of criminally negligent homicide and find him guilty of the offense that he committed. This court does not believe that the Petitioner has established by clear and convincing evidence that [trial counsel] provided ineffective assistance of counsel. Even if the court were to find that [trial counsel] provided ineffective assistance of counsel by not knowing that self-defense was not a defense to reckless homicide of Mr. Ross, the Petitioner is unable to satisfy the second prong. Courts assume juries follow the instructions provided. The court provided an Order of Consideration for the jury to follow. . . The order of consideration told the jury to consider the indicted offense first and then provided all lesser included. The jury found the Petitioner guilty of a "knowing" act. The jury then did not consider

voluntary manslaughter, reckless homicide or criminally negligent homicide. The jury rejected self-defense.

Petitioner has failed in the burden of establishing that the evidence preponderates against the post-conviction court's findings. Petitioner is not entitled to relief with regard to this issue.

## B. FAILING TO ATTEMPT TO NEGOTIATE A SETTLEMENT

Petitioner next alleges that trial counsel was ineffective by failing to attempt to negotiate a settlement of the case. The testimony at the post-conviction hearing established that trial counsel did attempt to negotiate a settlement of the case without a jury trial. Trial counsel testified he met with the district attorney on a couple of occasions to attempt to resolve the case and get a settlement offer. He testified his job was to get the best offer he could get for Petitioner and "that's what [trial counsel] did." He did not remember getting a plea offer. Trial counsel testified that due to the victim's reputation in the community, the State did not make an offer. Trial counsel then attempted to negotiate a plea offer by proposing to the State a plea to voluntary manslaughter or "something along those lines for ten to twelve years." The State declined.

Petitioner was aware the State was not making a plea offer before trial. Petitioner testified at the post-conviction hearing that a plea offer was made the day of trial. He rejected the offer. He testified:

> like, you know, I guess he wanted me to just cop out to 25. I mean, I'm like hell no, I mean, I'd rather go to trial, you know what I'm saying, I ain't about to just, you know, sign over for no 25 years, man, you got to be crazy.
> Q: And so was any settlement offer extended to you -- were you given an opportunity to settle this case before that time you've just described?
> A: None. They wasn't offering it.
> Q: Did you --
> A: That what I was told.

The post-conviction court found that there was no evidence that the State ever made any type of offer to resolve the case. The evidence does not preponderate against this finding by the post-conviction court.

We conclude that trial counsel was not deficient in this regard. The proper standard for attorney performance is that of reasonably effective assistance. In this case, Petitioner has

failed to show factual allegations supporting the grounds for relief by clear and convincing evidence, failed to prove trial counsel's performance was deficient, and failed to show trial counsel's performance prejudiced the defense. Petitioner is not entitled to relief on this claim.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JOE H. WALKER, SPECIAL JUDGE