IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2020

## STATE OF TENNESSEE v. RICKY LEE WOMAC

**Appeal from the Circuit Court for McMinn County**
**No. 16CR181    Andrew Mark Freiberg, Judge**

_____

No. E2019-00643-CCA-R3-CD

_____

**ROBERT H. MONTGOMERY, JR., J., concurring in part and dissenting in part.**

I dissent from the majority's conclusion that the evidence is sufficient to support the Defendant's conviction in Count Two of attempted first degree murder of Deputy Presswood. In my view, the evidence does not show that the Defendant took a substantial step toward killing Deputy Presswood. *See* T.C.A. § 39-12-101(a)(3) (2018) (criminal attempt). Viewed in the light most favorable to the State, the evidence shows that while standing in a Walmart checkout aisle, the Defendant looked over his left shoulder and saw Deputies Presswood and Redrup, who were in uniform, approaching him. Deputy Redrup, who was wearing a body camera, stepped to the Defendant's right side and advised him that he was being arrested, and Deputy Presswood stood behind the Defendant. After some discussion with Deputy Redrup about the Defendant's desire to purchase a drink, the Defendant put money that was in his hand into his pocket, produced a loaded gun with his left hand, and pointed the gun at Deputy Redrup. By the time the Defendant pointed the gun at Deputy Redrup, the hammer was cocked, and the Defendant had his finger on the trigger. The struggle for the gun and to take the Defendant into custody ensued, during which Deputy Redrup forced the web of his left hand into the gun's breach in order to thwart any attempt by the Defendant to pull the trigger and fire the gun. The gun's hammer was released, catching and injuring Deputy Redrup's hand but preventing the gun from discharging. During the struggle, Deputy Redrup was the first officer to engage with the Defendant, who had turned to his right toward Deputy Redrup during the initial struggle for the gun. Deputy Presswood first attempted to assist in restraining and disarming the Defendant while standing behind Deputy Redrup and later moved to the Defendant's side. The Defendant fought against the deputies' efforts to restrain him and held onto the gun while Deputy Redrup kept his hand in the gun's breach until a third deputy, who was in civilian clothing, joined the struggle and struck the Defendant.

From these facts, I conclude that the evidence does not show that the Defendant took a substantial step toward the commission of the first degree murder of Deputy Presswood. In concluding otherwise, the majority has not identified any action the Defendant took toward an attempt to kill Deputy Presswood which is distinct from the evidence of the attempt to kill Deputy Redrup.

I note that our first degree murder statute permits a felony murder conviction based upon a killing or an attempted killing of one person which results in the death of another. *See id.* § 39-13-202 (2014) (subsequently amended). In the present case, the Defendant was charged with attempted premeditated murder of Deputy Presswood. Attempted felony murder was not a charging alternative available to the State. *See State v. Kimbrough*, 984 S.W.2d 888, 889-92 (Tenn. 1996); *see also State v. Dickson*, 413 S.W.3d 735, 747 (Tenn. 2013). I acknowledge that a defendant who intends to kill one person but whose actions result in the death of another may be convicted of first degree premeditated murder because his conscious objective was to kill a person, without regard to the identity of the person actually killed. *Millen v. State*, 988 S.W.2d 164, 168 (Tenn. 1999). In the present case, *Millen* is inapplicable because the Defendant successfully targeted his intended victim – Deputy Redrup – by attempting to shoot him, thereby committing attempted first degree murder. This is not a case in which the Defendant targeted an intended victim but, due to intervening forces or mistake, committed the crime against an unintended victim.

The majority speculates that the Defendant would have shot both deputies in order to avoid being taken into custody, had the deputies failed in restraining and disarming him. However, opportunity does not equate to intent, and speculation does not equate to proof beyond a reasonable doubt. My review of the evidence in the light most favorable to the State shows that Deputy Redrup advised the Defendant that he was taking the Defendant into custody, and the Defendant reacted by brandishing a gun at Deputy Redrup. Deputy Presswood was, at this point, standing behind the Defendant and not involved in the exchange. Deputy Presswood became actively involved after the Defendant produced the gun, pointed it at Deputy Redrup, and the struggle ensued. Although the Defendant struggled with Deputy Presswood during the affray, my review of the Walmart surveillance footage and the body camera footage does not reveal any additional action or statement of the Defendant which indicated an intent to kill Deputy Presswood beyond his initial pointing the gun at Deputy Redrup, pulling the trigger, and the Defendant's struggling to extricate himself and to avoid arrest. Given the absence of evidence that the Defendant had an intent to kill two people and took a substantial step toward a killing as to each of them, and given the conviction in Count 1 of attempted first degree murder of Deputy Redrup, I conclude that the evidence is insufficient to support the conviction in Count 2 of attempted first degree murder of Deputy Presswood.

Relative to the charge of attempted first degree premeditated murder of Deputy Presswood, the jury was instructed on the lesser included offenses of attempted second

degree murder and attempted voluntary manslaughter. My review of the elements of these offenses and the facts of this case, however, lead me to conclude that a rational jury could not find the Defendant guilty of either of these lesser included offenses. Again, the evidence viewed in the light most favorable to the State does not show that the Defendant took a substantial step toward the killing of Deputy Presswood, separate from his pointing a loaded and cocked gun at Deputy Redrup when Deputy Redrup advised the Defendant that he was being arrested, pulling the trigger and releasing the hammer while Deputy Redrup had his hand in the gun's breach, and struggling with the officers as they subdued him and took him into custody.

That said, the State was not without recourse in charging the Defendant with a crime relative to his actions as they involved Deputy Presswood. In my view, the facts as they were developed at the trial would have supported a charge of aggravated assault of Deputy Presswood. *See* T.C.A. § 39-13-102 (2014) (subsequently amended). However, the Defendant was not charged with aggravated assault. I note, as well, that as indicted in this case, aggravated assault is not a lesser included offense of attempted first degree murder and was properly omitted from the jury charge. *See id.* § 40-18-110(f) (2012) (subsequently amended).

Because I believe the evidence is insufficient for the Defendant's conviction for attempted first degree murder of Deputy Presswood, I would vacate the conviction and dismiss the charge. In all other respects, I concur in the majority opinion.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-3-