IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 14, 2006

# BRIAN ROBERSON v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County**
**No. 4865   Lynn W. Brown, Judge**

**No. E2006-01551-CCA-R3-HC - Filed July 12, 2007**

The petitioner, Brian Roberson, appeals the Johnson County Criminal Court's denial of his petition for habeas corpus relief from his guilty pleas to two counts of selling cocaine and one count of possession of cocaine. He contends that his judgments of conviction are void because his sentences are illegal. Upon review of the record and the parties' briefs, we reverse the judgment of the habeas corpus court and remand this case to the Johnson County Criminal Court for the appointment of counsel and an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES, J., joined. JOHN EVERETT WILLIAMS, J., filed a dissenting opinion.

Brian Roberson, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Preston Shipp, Assistant Attorney General; and Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I.  Factual Background

On April 10, 1997, a Williamson County Criminal Court jury convicted the petitioner in case number I-496-117 of selling cocaine, and the trial court sentenced him in June 1997 to eight and one-half years in confinement. On August 12, 1997, the petitioner was convicted by a jury in case number I-1196-398-A on count 7, selling cocaine. The Williamson County Criminal Court sentenced him to nine years in prison and ordered that he serve the sentence consecutively to the previous sentence. On January 14, 1998, the petitioner pled guilty in case number I-1196-398-A to count 1, sale of cocaine; count 3, sale of cocaine; and count 5, possession of cocaine. The Williamson County Criminal Court sentenced him to eight years for counts 1 and 3 and to three years

for count 5. The trial court ordered that he serve the eight-year sentences concurrently to each other and that he serve the three-year sentence consecutively to the eight-year sentences. According to the judgment forms for counts 1 and 3, the trial court also ordered that they be served concurrently to "ALL OTHER PREVIOUSLY IMPOSED SENTENCES." The judgment forms for counts 1, 3, and 5 show that the appellant committed those offenses on August 8, 1996; August 26, 1996; and September 13, 1996, respectively.

On April 3, 2006, the petitioner filed a pro se petition for a writ of habeas corpus in the Johnson County Criminal Court, alleging that his sentences for counts 1, 3, and 5 in case number I-1196-398-A are illegal because he committed those offenses while he was on bail for the offense in case number I-496-117 and, therefore, must serve the sentences consecutively to the sentence in case number I-496-117. In support of his argument, the petitioner filed the following exhibits with his petition: the judgment forms for counts 1, 3, 5, and 7 from case number I-1196-398-A; the judgment form for case number I-496-117; and a copy of an appearance bond for case number I-496-117.

On May 9, 2006, the Johnson County Criminal Court filed a written order dismissing the petition with little explanation. The petitioner timely appealed to this court, arguing that pursuant to Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), he was required to serve the sentences for counts 1, 3, and 5 in case number I-1196-398-A consecutively to the sentence in I-496-117 and, therefore, that the sentences are illegal.

## II. Analysis

Tennessee Code Annotated section 40-20-111(b) provides that if a defendant commits a felony while on bail "and the defendant is convicted of both offenses, the trial judge . . . shall order that the sentences be served cumulatively." The Tennessee Rule of Criminal Procedure 32(c)(3) also provides that

> [w]hen a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> . . .
>
> (C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses[.]

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). Habeas corpus relief is available only when

it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer, 851 S.W.2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (1964). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

In the recent case of Summers v. State, 212 S.W.3d 251 (Tenn. 2007), our supreme court attempted to explain when the appointment of counsel and an evidentiary hearing are necessary in a habeas corpus case. In Summers, the petitioner filed a pro se petition for writ of habeas corpus, alleging that he was being held in confinement for three offenses when he committed a subsequent escape offense and, therefore, that concurrent sentencing for the escape conviction was in direct contravention of Tenn. Code Ann. § 40-20-111(b) (2000) and Tenn. R. Crim. P. 32(c)(3)(C). Id. at 256. Concluding that the trial court properly dismissed the petition without the appointment of counsel and an evidentiary hearing, our supreme court stated as follows:

> Although the judgment on Summers' escape conviction states that the sentence is to be served concurrently with his sentences for voluntary manslaughter, aggravated arson, and sale of cocaine, the judgment is silent as to whether Summers committed the escape while being held for the other charges. We conclude, therefore, that no illegality of the sentence is evident on the face of the judgment ordering a concurrent sentence for the escape conviction. Furthermore, nothing in the record indicates that Summers committed the escape while being held for the other charges. The State bears no burden of showing that the record of the proceedings upon which the judgment was rendered reveals that Summers' factual assertions are false. The burden rests with Summers to prove that his allegations are true. Because the escape judgment is facially valid and Summers failed to support his factual assertions with pertinent documents from the record of the underlying proceedings, we conclude that summary dismissal was proper.

Id. at 262.

Turning to the instant case, the judgment form in case number I-496-117 shows that the petitioner committed that offense on December 18, 1995. According to the appearance bond for case number I-496-117, the petitioner was released on a $10,000 bond on May 16, 1996. Although the judgment forms for counts 1, 3, and 5 in case number I-1196-398-A are silent as to whether the petitioner committed those offenses while he was on bond in case number I-496-117, the judgments state that the petitioner committed those offenses on August 8, August 26, and September 13, 1996, respectively. Thus, unlike Summers, the petitioner in this case has attached documents to his

petition which indicate that his allegations are true and that he was on bond in case number I-496-117 when he committed the offenses in case number I-1196-398-A. Moreover, the judgment forms for counts 1 and 3 specifically state that the petitioner is to serve those sentences concurrently to all previously imposed sentences. Thus, the trial court's ordering the petitioner to serve the sentences in counts 1 and 3 concurrently with all previous sentences would appear to contravene Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), and the judgments of conviction in those cases would be void. The sentence for count 5, however, is not illegal because the judgment form for that conviction only shows that the trial court ordered that the sentence be served consecutively to counts 1 and 3. It does not state that the petitioner is to serve that sentence concurrently with all other previous sentences and, therefore, is not void on its face.

The State makes several arguments as to why the trial court properly denied the petition for habeas corpus relief. First, the State contends that the petitioner has failed to meet the mandatory procedural requirements for habeas corpus relief because he failed to properly verify his petition by affidavit as required by Tennessee Code Annotated section 29-21-107(a). However, the trial court's scant order denying habeas corpus relief states only that the trial court denied relief because "[n]othing in the petition would support a finding by this court that petitioner's conviction is void or that his sentence has expired." The trial court did not dismiss the petition on procedural grounds. "In such instances, an appellate court should not then rely on such deficiencies to defeat an appeal thereof, but should review the reasons relied upon by the lower court." Darwin Theus v. David Mills, Warden, No. W2005-02204-CCA-R3-HC, 2006 Tenn. Crim. App. LEXIS 253, at **6-7 (Jackson, Mar. 23, 2006) (citing Tyrone D. Conley v. Howard Carlton, Warden, No. E2005-00049-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 1157 (Knoxville, Nov. 2, 2005) (Tipton, J., concurring)); see Derrick L. Brown v. State, No. W2005-01871-CCA-R3-HC, 2006 Tenn. Crim. App. LEXIS 302, at **3-4 (Jackson, Apr. 13, 2006). Therefore, we will not dismiss the petition on procedural grounds.

The State also contends that habeas corpus relief is not appropriate in this case because although the judgments for counts 1 and 3 in case number I-1196-398-A state that those sentences will run concurrently to "all other previously imposed sentences," they do not specifically state that the sentences will be served concurrently with the sentence in case number I-496-117. However, by using the word "all," it appears on the face of the judgments for counts 1 and 3 that those sentences will run concurrently with the sentence in case number I-496-117, a previously imposed sentence.

Next, the State claims that this issue is moot because the petitioner's eight and one-half-year sentence in case number I-496-117 expired in December 2005, five months before the petitioner filed his habeas corpus petition. However, because all of the sentences for the petitioner's challenged convictions had not yet expired when he filed his petition, we refuse to hold that the issue is moot. See Summers, 212 S.W.3d at 258.

Finally, the State contends that the petitioner's claim "is a classic voidability claim, an attack of the guilty plea, which may only be brought in a timely-filed petition for post-conviction relief." However, even if the State is correct in that the petitioner is attacking the voluntariness of his pleas,

that fact is irrelevant in a habeas corpus proceeding. Id. at 259. "Instead, the determinative issue is whether the plea agreement included an illegal sentence as a material element. If so, the illegal sentence renders the guilty plea, including the conviction, invalid." Id. Therefore, having concluded from the record that the petitioner has sufficiently attached documents to his petition that support his claim for habeas corpus relief, the habeas corpus court's dismissal of the petition is reversed.

Accordingly, this case is remanded to the Johnson County Criminal Court for the appointment of counsel and an evidentiary hearing in order to determine whether the petitioner is entitled to relief. If the Johnson County Criminal Court concludes that habeas corpus relief if warranted, that court must remand the case to the Williamson County Criminal Court to conduct a hearing in order to determine whether the petitioner's plea agreement included the illegal sentences in counts 1 and 3 as a material element. If so, the entire guilty plea and the petitioner's convictions for counts 1, 3, and 5 are invalid. See id. at 258 (stating that "[w]hen a plea agreement constitutes a package deal, an illegal sentence imposed on one of the plea offenses generally invalidates the entire plea agreement"). The petitioner can then withdraw his guilty pleas and the underlying convictions will be vacated, or the parties can agree to legal sentences to replace the illegal sentences and a withdrawal of the guilty pleas will be unnecessary. See id. at 259. If, however, the trial court determines that the illegal sentences were not a bargained-for element of the plea agreement, then only the petitioner's sentences are void and the underlying convictions remain intact. Id. (citing Smith v. Lewis, 202 S.W.3d 124 (Tenn. 2006)). In that situation, the illegal sentences will be vacated, and the Williamson County Criminal Court can resentence the petitioner.

### III. Conclusion

Based upon the record and the parties' briefs, we reverse the judgment of the Johnson County Criminal Court and remand this case for the appointment of counsel, an evidentiary hearing, and any further proceedings consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE