# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs October 30, 2007


## CHRISTOPHER KEYLN DEARING v. HOWARD CARLTON, WARDEN


**Appeal from the Criminal Court for Johnson County**
**No. 5037     Lynn Brown, Judge**

---

**No. E2007-01191-CCA-R3-HC - Filed February 1, 2008**

---


D. KELLY THOMAS, JR., J., dissenting.


        I respectfully dissent from the majority based upon my conclusion that the trial court erred in summarily dismissing the petition for a writ of habeas corpus that, in my view, presents a cognizable claim for relief.  The record reflects that the petitioner pled guilty to theft of property valued between $1,000 and $10,000 and evading arrest, and that he received concurrent sentences of two years and one day and one year, respectively.  In his Petition for Writ of Habeas Corpus Relief, the petitioner alleges that the judgment for the theft conviction is void because he did not agree to a sentence of two years and one day and that such a sentence "is void, as obtained through misrepresentation and [an] unfulfilled promise [of] a total two (2) year sentence."  Additionally, he alleges that his guilty plea was not knowing and voluntary because he did not agree to the two year and one day sentence.  In support of this allegation, the petition further asserts that both the technical record and the transcript of the guilty plea proceedings reflect that the sentence imposed should have been two years.  However, neither the technical record nor the transcript of the guilty plea were attached to the petition in the habeas court.  Attached to the petition for the habeas court's consideration is the judgment of conviction reflecting a sentence of two years and one day for the theft conviction.

        I agree with the majority that the trial court correctly found that the voluntariness of the guilty plea could not be addressed pursuant to a petition for a writ of habeas corpus because such an allegation renders the judgment merely voidable, not void.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  However, I disagree with the majority regarding the consequence of the illegal sentence reflected in the judgment for the theft conviction.

        "[A] sentence imposed in direct contravention of a statute is void and illegal."  Stephenson v. Carlton, 28 S.W3d 910, 911 (Tenn. 2000), citing State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).  Tennessee Code Annotated section 40-35-211(1) provides that a sentence to the department

of correction "shall be for a term of years or months or life," thereby precluding a sentence of one day as was imposed in this case. Nevertheless, the majority opinion concludes that " a sentence of two years and one day may constitute, under certain circumstances, an illegal sentence." The majority cites to this court's opinion in James Gordon Coons, III v. State, No. 01C01-9801-00014, 1999 WL 275009 (Tenn. Crim. App. May 6, 1999) for the proposition that a departure from the mandate of 40-35-211(1) could be agreed to as part of the plea bargaining process. In my view, our supreme court's opinion in McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000), limited such departures from our sentencing statute as part of the plea bargaining process to elements of offender classification and release eligibility within the confines of the sentencing statute applicable to a convicted offense and maintained "the distinction between the subjects of plea bargaining and the length of a sentence." McConnell, 12 S.W.3d at 798; see also, Hicks v. State, 945 S.W.2d 706 (Tenn. 1997).

Furthermore, in Coons the post-conviction petitioner admitted at an evidentiary hearing that he agreed to the latter challenged sentence of six years and one day. In my view, the facts in Coons are distinguishable from the facts presented here. Indeed, in this case, the petitioner asserted in his petition that he did not agree to the sentence of two years and one day.

For these reasons, I would reverse the judgment of the trial court and remand this case for the appointment of counsel and an evidentiary hearing wherein the petitioner may present proof of the guilty plea agreement and transcript of the same. I would further note that it appears that the proper remedy to correct this illegality is not a complete withdrawal of the guilty plea and reversal of the conviction because, if the allegations of the petition are true, the guilty plea and resulting conviction do not appear to be based upon this illegality.[1] Instead, the proper remedy will be to correct the judgment by removing the illegal term of one day from the sentence. Smith v. Lewis, 202 S.W.3d 124, 130 (Tenn. 2006).

_____
D. KELLY THOMAS, JR., JUDGE

---

[1] The documents attached to a motion asking this court to take notice of certain documents not included in the habeas court technical record include a "Waiver of Rights and Guilty Plea" signed by the convicting court that indicates that the agreed sentence was two years.