IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2008

**TYRONE FELTON v. TOMMY MILLS, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 07-CR-9024     R. Lee Moore, Judge**

**No. W2007-02107-CCA-R3-HC  - Filed May 14, 2008**

The Petitioner, Tyrone Felton, appeals the Lake County Circuit Court's summary dismissal of his petition for the writ of habeas corpus.  Felton seeks habeas corpus relief from his two 1997 Shelby County convictions for aggravated rape, which were entered as a result of his pleas of guilt to these crimes.  On appeal, Felton contends that he was sentenced as a multiple rapist on each of the aggravated rape convictions with a release eligibility of thirty percent, and, because "the statute mandates service of such sentence at 100%," his sentences are illegal and, therefore, void.  Review of the face of the judgments of conviction establishes that Felton was sentenced as a "Standard 30% Range 1" offender <u>and</u> as a "Multiple Rapist."  However, review of the record of the proceedings before us clearly demonstrates that a release eligibility of thirty percent was simply a gratuitous and unwarranted entry which, although approved by the trial judge, was not a "bargained-for element" of Felton's pleas.  *See Smith v. Lewis*, 202 S.W.3d 124, 130 (Tenn. 2006).  Consistent with this holding, we remand the case to the original court of conviction for entry of corrected judgments of conviction for aggravated rape to reflect service of the two sentences as a multiple rapist.  Dismissal of the petition is affirmed.

**Tenn. R. App. P. 3; Judgment of the Lake County Circuit Court Affirmed; Remanded to Original Court of Conviction for Entry of Corrected Judgments of Conviction**

DAVID G. HAYES, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Tyrone Felton, *pro se*, Tiptonville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Preston Shipp, Assistant Attorney General; and Rachel E. Willis, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

In April 1997, the Petitioner pled guilty in the Shelby County Criminal Court to two counts of aggravated rape, two counts of especially aggravated kidnapping, two counts of aggravated robbery, one count of attempted especially aggravated kidnapping, one count of aggravated assault, and one count of attempted aggravated robbery. As provided by the plea agreement, the Petitioner received twenty years for each aggravated rape conviction, twenty years for each especially aggravated kidnapping conviction, twelve years for each aggravated robbery conviction, twelve years for attempted especially aggravated kidnapping, six years for aggravated assault, and six years for attempted aggravated robbery. All of the sentences were ordered to be served concurrently for an effective sentence of twenty years. The Petitioner is currently an inmate at the Northwest Correctional Complex in Lake County.

On August 20, 2007, the Petitioner filed a petition for the writ of habeas corpus alleging that his convictions for aggravated rape "are illegal and void because they contravene T.C.A. § 39-13-523" [release eligibility for multiple rapists]. Moreover, the petition alleges "that the Tennessee Department of Corrections [sic] (TDOC), upon receiving his judgment orders, lacked the authority, to alter his status from a Range I, Standard off., at 30% to a Multiple rapist at 100%." The Lake County Circuit Court summarily dismissed the petition concluding that the challenged "sentences were not illegal nor are they void." This timely appeal followed.

**Analysis**

In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164). In this case, the Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

On appeal, the Petitioner alleges that his sentences for the two aggravated rape convictions are illegal and void because the judgment forms reflect a Standard Range I release eligibility percentage of thirty percent, whereas Tennessee Code Annotated section 39-13-523(b) requires a multiple rapist to serve the entire sentence imposed by the court.[1] Review of the face of the

---

[1] Tennessee Code Annotated section 39-13-523 defines a "multiple rapist" as a person who has been convicted two or more times of violating the provisions of Tennessee Code Annotated section 39-13-502 (aggravated rape) or
(continued...)

judgment of conviction documents for each of the aggravated rape convictions reflects that boxes for both "Standard 30% Range 1" offender status and "Multiple Rapist" classification were checked and approved by the trial court.

The transcript of the guilty plea hearing, which is included in the record, clearly reflects in the recitation of facts by the prosecutor the following statement with regard to each aggravated rape charge, " . . . he's entering a guilty plea to the offense of aggravated rape, as a Class A felony. He's to be confined to twenty years, Tennessee Department of Corrections [sic] as a Range One offender but as a multiple rapist . . . ." Following the recitation of facts, defense counsel informed the trial court that

> He understands that all these sentences will be running concurrently, all at the same time, that there is one twenty year sentence. But as far as when he would be released, that would be up to the Department of Corrections [sic]. There has been no promise as to when he would be released. He knows they're serious charges. I told him he may or may not be able to parole out on them; it just depends.

In pronouncing the sentence, the trial court advised the Petitioner, with regard to each of his guilty pleas of aggravated rape, "You will be classified as a standard range one offender and a multiple rapist."

Nothing in the record before us indicates, or, for that matter, even suggests that the Petitioner was ever advised by the prosecutor, defense counsel, or the trial court that he would be eligible for release after serving thirty percent of his sentence for aggravated rape. Unfortunately, in completing the judgment of conviction forms for aggravated rape, the section "Standard 30% Range 1" was checked, in addition to the section "Multiple Rapist." It is undisputed that the Petitioner is, for sentencing purposes, a "Range I" offender, and the only portion of the section which is in conflict with his classification as a multiple rapist is the notation "30%," which refers to release eligibility. Under these circumstances, the notation "30%" amounts to nothing more than a clerical error which may be corrected at any time. *See James L. Moore v. Kevin Myers, Warden*, No. M2005-01855-CCA-R3-HC (Tenn. Crim. App. at Nashville, Dec. 16, 2005).

We are cognizant of the fact, however, that had the Petitioner's pleas to aggravated rape "rest[ed] in any significant degree on a promise or agreement of the prosecutor, so that it [could] be said to be part of the inducement or consideration . . ." for his guilty pleas, our holding would have been different. *See Santobello v. New York*, 404 U.S. 257, 264, 91 S. Ct. 494, 499 (1971); *see also Smith v. Lewis*, 202 S.W.3d 124, 129-30 (Tenn. 2006). "[T]he record in this case does not demonstrate on its face that the illegal provision of early release eligibility was a bargained-for

---

[1](...continued)
Tennessee Code Annotated section 39-13-503 (rape). "Notwithstanding any other provision of law to the contrary, a multiple rapist . . . shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn." T.C.A. § 39-13-523(b) (2006).

element of [Felton's] plea[s]." *See Smith*, 202 S.W.3d at 130. Accordingly, the error committed in the preparation of the judgment forms does not affect the validity of the convictions.

## CONCLUSION

Dismissal of the petition for the writ of habeas corpus is affirmed. The case is remanded to the original court of conviction for entry of corrected judgments of conviction for aggravated rape to reflect service of the Petitioner's two sentences as a multiple rapist.

_____

DAVID G. HAYES, JUDGE