# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 22, 2008

## MICHAEL J. FLOYD v. CHERRY LINDAMOOD, WARDEN

### Appeal from the Circuit Court for Wayne County
### No. 14345    Jim T. Hamilton, Judge

### No. M2008-00409-CCA-R3-HC - filed Janaury 13, 2009

The pro se petitioner, Michael J. Floyd, appeals as of right the summary dismissal of his petition for a writ of habeas corpus by the Wayne County Circuit Court. The petitioner alleges that his conviction and resulting sentence for aggravated robbery is illegal and void due to an involuntary guilty plea. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Michael J. Floyd, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Rachel E. Willis, Assistant Attorney General, attorneys for appellee, State of Tennessee.

### OPINION

The record reflects that on July 12, 2006, the petitioner entered a guilty plea to aggravated robbery and was sentenced to eight years on probation to be served consecutive to "the case that the [petitioner was] on parole for." On July 18, 2006, the trial court entered an amended judgment reflecting that the eight year sentence would be served in the custody of the Department of Correction rather than on probation. On October 9, 2007, the petitioner filed a petition for a writ of habeas corpus alleging that his conviction and sentence were void as the result of an involuntary guilty plea. He claimed that he entered the guilty plea based upon the "promise from . . . [the] district attorney general for lenient treatment," i.e., a sentence of eight years probation. The petitioner further claims that the trial court revoked his probationary sentence without a finding that he had violated the terms of his probation.

ANALYSIS

Tennessee law provides that "[a]ny person imprisoned or restrained of his liberty under any pretense whatsoever . . . may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment." Tenn. Code Ann. § 29-21-101. Habeas corpus relief is limited and available only when it appears on the face of the judgment or the record of proceedings below that a trial court was without jurisdiction to convict the petitioner or that the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). To prevail on a petition for a writ of habeas corpus, a petitioner must establish by a preponderance of the evidence that a judgment is void or that a term of imprisonment has expired. See State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If a petition fails to state a cognizable claim, it may be dismissed summarily by the trial court without further inquiry. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 483, 381 S.W.2d 280, 283 (1964); Tenn. Code Ann. § 29-21-109. We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. Smith v. Lewis, 202 S.W.3d 124, 127 (Tenn. 2006).

Initially, the state asserts that this appeal should be dismissed due to the petitioner's failure to file a timely notice of appeal. The record reveals that the habeas corpus court summarily denied the petition on January 10, 2008 and that the petitioner filed a notice of appeal on February 20, 2008, ten days beyond the thirty-day limitation imposed by Tennessee Rules of Appellate Procedure 4. The petitioner contends that he did not receive notice that the petition had been dismissed until February 8, 2008 when the circuit court clerk forwarded a copy of the order to the petitioner.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires the filing of a notice of appeal within thirty days of the entry of judgment or, pursuant to Rule 4(e), the entry of an order denying motion for new trial. The timely filing of a notice of appeal is not a prerequisite to the jurisdiction of this court, and this court may waive the requirement in the interest of justice. Tenn. R. App. P. 4(a). In consideration of the petitioner's pro se status and the short period of delay in filing the notice of appeal, we conclude that timely filing requirement should be waived in the interest of justice in this case. See, e.g., Derrick Anthony Hill v. State, E2006-01714-CCA-R3-PC, 2007 WL 2000088 (Tenn. Crim. App. July 11, 2007), app. denied (Tenn. Nov. 19, 2007).

Turning to the substantive claim alleged in the petition, we note that allegations relating to the voluntariness of a guilty plea would not render the judgment of conviction void, but merely voidable, and are not cognizable in a habeas corpus proceeding. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Furthermore, the petition cannot be treated as one for post-conviction relief because the petition was filed beyond the one-year statute of limitations period afforded a post-conviction petitioner. Tenn. Code Ann. § 40-30-102(a). The petitioner alleges that his guilty plea to aggravated robbery was correctly set out in the judgment of July 12, 2006, which ordered an eight year sentence to be served on probation. He further alleges that the amended judgment entered on July 18, 2006, ordering that his sentence be served in confinement, was entered in error. There is nothing on the face of the July

judgment or in the record of the proceedings to establish that the judgment is void. Additionally, we note that our review of the record reveals that the Plea of Guilty and Waivers of Jury Trial and Appeal related to this conviction reflects that the sentence is to be served in custody. This document was signed by the petitioner and filed contemporaneous to the entry of the judgment on July 12 and casts doubt on the merit of the petitioner's allegation. For these reasons, we conclude that the evidence does not preponderate against the findings of the habeas corpus court.

CONCLUSION

Based upon the foregoing, we conclude that the habeas corpus court correctly dismissed the petition for a writ of habeas corpus. Therefore, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE