# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 6, 2011

## TRACY LYNN HARRIS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court of Carroll County**
**No. 20CR1470      Donald E. Parish, Judge**

---

**No. W2011-01578-CCA-R3-PC  - Filed December 21, 2011**

---

The Petitioner pled guilty in March 2000 to charges of first degree murder and aggravated rape.  He accepted a sentence of life without the possibility of parole for the first degree murder conviction and a concurrent twenty-year sentence for the aggravated rape conviction.  The Petitioner filed a petition for post-conviction relief following the entry of an amended judgment order of conviction imposing community supervision for life for the aggravated rape conviction.  The post-conviction court summarily denied relief.  This appeal followed.  We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Tracy Lynn Harris, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Nicholas W. Spangler, Assistant Attorney General; for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

Tracy Lynn Harris ("the Petitioner") pled guilty in March 2000 to first degree felony murder and aggravated rape committed in 1998.  The State filed a notice of intent to seek the death penalty but later entered into a plea agreement with the Petitioner.  The plea agreement provided for a sentence of life imprisonment without the possibility of parole on the murder charge and a concurrent sentence of twenty years on the aggravated rape charge.  Two other

charges were nolle prossed. The trial court accepted the plea and entered the applicable judgment orders. However, the original judgment order on the aggravated rape conviction did not provide that the Petitioner was also sentenced to community supervision for life.[1]

On November 17, 2000, the Petitioner filed pro se a petition for post-conviction relief alleging an unconstitutional plea and ineffective assistance of counsel. The post-conviction court summarily dismissed the petition for failure to assert a colorable claim because the petition set forth no facts in support of the alleged constitutional violations. The Petitioner sought no appeal from this decision.

The Petitioner then filed for habeas corpus relief on July 13, 2006, on the basis that the judgment on his aggravated rape conviction was illegal because of the sentencing omission. He contended that he was entitled to withdraw his plea as a result of the illegality. The habeas corpus court denied the petition but remanded the matter to the convicting court "for entry of an amended judgment on the petitioner's aggravated rape conviction, No. 20CR1470, so as to direct a sentence of community supervision for life, pursuant to Tenn. Code Ann. § 39-13-524 and State v. Bronson, 172 S.W.3d 600 (Tenn. Crim. App. 2005)." The Petitioner appealed, this Court affirmed, and our Supreme Court denied review. See Tracy Lynn Harris v. Worthington, No. E2008-02363-CCA-R3-HC, 2010 WL 2595203, at *2 (Tenn. Crim. App. June 29, 2010), perm. app. denied (Tenn. Nov. 17, 2010). Accordingly, on January 20, 2011, an amended judgment was entered on the Petitioner's aggravated rape conviction providing that, "[p]ursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration."

On May 27, 2011, the Petitioner filed pro se a petition for post-conviction relief from the amended judgment alleging that it "did breach the specific plea agreement" and that the amended judgment violated the "newly established constitutional right" announced in Ward v. State, 315 S.W.3d 461 (Tenn. 2010). On June 22, 2011, the post-conviction court dismissed the petition summarily on two bases. First, the Petitioner previously had filed a petition for post-conviction relief as to the original judgments, which was dismissed summarily and from which no appeal was taken. See Tenn. Code Ann. § 40-30-102(c) (2006). Second, the Petitioner previously had litigated the legality of his original sentence on the rape conviction, and the amended judgment from which the Petitioner was seeking post-conviction relief was the direct result of that litigation. Accordingly, the claim had been

---

[1] Tennessee Code Annotated section 39-13-524 provides that, "[i]n addition to the punishment authorized by the specific statute prohibiting the conduct, any person who, on or after July 1, 1996, commits a violation of [the aggravated rape statute] . . . shall receive a sentence of community supervision for life." Tenn. Code Ann. § 39-13-524(a) (Supp. 1998).

previously determined. See Tenn. Code Ann. § 40-30-106(h) (2006). The Petitioner appeals from this summary denial of his claim for relief.

**Analysis**

The instant Petition is the next chapter in the Petitioner's ongoing efforts aimed at enabling him to withdraw his guilty plea. After failing in his first post-conviction action, he later filed the habeas corpus action attempting to demonstrate that the judgment on his rape conviction was illegal because, when a defendant has entered into a plea agreement and a material component of the plea agreement is illegal, the defendant may be allowed to withdraw his plea. See Summers v. State, 212 S.W.3d 251, 258 (Tenn. 2007) (recognizing that, "as a general rule, when a plea agreement includes an illegal sentence, a defendant is entitled to withdraw the guilty plea") (citing McLaney v. Bell, 59 S.W.3d 90, 94-95 (Tenn. 2001)). Although the Petitioner was successful in his habeas corpus action in demonstrating that his judgment order on the aggravated rape conviction contained an illegal sentence, he was not successful in his effort to withdraw his plea because the record demonstrated that the lifetime community supervision provision was not a material element of the plea bargain. See Tracy Lynn Harris, 2010 WL 2595203, at *2 (characterizing as "quite disingenuous" the Petitioner's argument that the community supervision for life condition of his aggravated rape sentence was a bargained-for element of the plea agreement where the aggravated rape sentence was ordered to be served concurrently with the life without parole sentence).[2] When a judgment contains an illegal sentence that was imposed pursuant to a plea bargain, but the illegal component of the sentence was not a material element of the plea bargain, the appropriate remedy is correction of the judgment order to reflect a legal sentence. See Cantrell v. Easterling, 346 S.W.3d 445, 456 (Tenn. 2011); Smith v. Lewis, 202 S.W.3d 124, 130 (Tenn. 2006).

The Petitioner's newest claim in his continuing efforts to withdraw his guilty plea is his assertion that, under Ward, the amended judgment gives rise to new and original grounds for post-conviction relief. We disagree.

Assuming, under the specific facts of this case, that a defendant may file for post-conviction relief from an amended judgment order even where he or she has previously filed for post-conviction relief from the original judgment,[3] post-conviction relief remains

---

[2] Indeed, we question how a lifetime community supervision requirement could be a material component of any plea agreement that also contained a sentence of life imprisonment *with no possibility of parole*.

[3] Our Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-
(continued...)

available only where the defendant alleges a constitutional violation and sets forth facts in support thereof. See Tenn. Code Ann. §§ 40-30-103 (2006); 40-30-106(d) (2006); Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002). The Petitioner claims that, because the trial court never informed him of the lifetime community supervision requirement at the time he pled guilty, the amended judgment order adding that sentencing provision renders his plea constitutionally infirm, and he must be allowed to withdraw it.

Ward established that a trial court commits constitutional error if it fails to ensure that a defendant pleading guilty to an applicable offense is aware that the sentence includes mandatory lifetime community supervision. Ward, 315 S.W.3d at 476. However, even accepting as true the Petitioner's allegation that the trial court did not inform him in March 2000 of the lifetime community supervision aspect of his sentence that was subsequently added in January 2011, Ward also held that he is not entitled to set aside his plea if the record demonstrates that the trial court's error is harmless beyond a reasonable doubt. See id. In this case, it is uncontroverted that the Petitioner's plea agreement included a sentence of life imprisonment *with no possibility of parole*. Given that the Petitioner is not eligible for parole, he, in actuality, will not ever be subject to the lifetime community supervision requirement. Therefore, any error by the trial court in failing to ensure that he was aware of the community supervision requirement for his aggravated rape conviction is harmless beyond a reasonable doubt. Thus, the Petitioner's argument establishes no claim for post-conviction relief. Accordingly, we affirm the post-conviction court's denial of the Petitioner's claim for post-conviction relief.

---

[3](...continued)
conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a *single* judgment. If a prior petition has been filed *which was resolved on the merits* by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Tenn. Code Ann. § 40-30-102(c) (emphasis added). We note that an amended judgment may be distinguishable from a "single" judgment. We also note that, in this case, the Petitioner's initial petition for post-conviction relief was not resolved on the merits. Finally, this Court has previously recognized that a second petition for post-conviction relief may proceed on an amended judgment even where a previous post-conviction petition on the original judgment was resolved on the merits. See Manny T. Anderson v. State, No. M2004-02116-CCA-R3-HC, 2006 WL 739885, at *1-3 (Tenn. Crim. App. Mar. 23, 2006). Our resolution of this case on the merits makes it unnecessary for us to resolve this issue.

-4-

**CONCLUSION**

The judgment of the post-conviction court is affirmed.

_____
JEFFREY S. BIVINS, JUDGE