# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
September 28, 2011 Session

## AUTHOR RAY TURNER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Morgan County**
**No. 9422     E. Eugene Eblen, Judge**

_____

**No. E2011-00074-CCA-R3-HC - Filed April 25, 2012**

_____

JOSEPH M. TIPTON, P.J., concurring.

I concur with the majority opinion. As indicated in the opinion, I have criticized Summers v. Fortner, 267 S.W.3d 1 (Tenn. Crim. App. 2008), for its holding that a habeas court, not the convicting court, is to determine from the existing record if a petitioner subjected to an illegal sentence should be allowed to withdraw a guilty plea. I believe it misinterprets Smith v. Lewis, 202 S.W.3d 124 (Tenn. 2006). In Smith, a habeas corpus case, after the court concluded that an illegal sentence had been imposed, it determined from the guilty plea record that the plea to the relevant charge was not material to the "bargained-for" agreement and resulting effective sentence and held that the petitioner was not entitled to withdraw that guilty plea. Id. at 130. It distinguished the case from one in which the illegal sentence materially resulted from a plea agreement. See Henderson v. State ex rel. Lance, 419 S.W.2d 176, 178-79 (Tenn. 1967) (holding that defendant was entitled to withdraw guilty plea upon habeas corpus proceedings where he pled guilty in exchange for an illegal sentence).

As to the procedure needed to determine if the petitioner is entitled to withdraw his guilty plea once the illegal sentence is vacated, it has typically been to remand the case to the court that accepted the plea. See, e.g., McLaney v. Bell, 59 S.W.3d 90, 95-96 (Tenn. 2001); McConnell v. State, 12 S.W.3d 795, 300 (Tenn. 2000); State v. Burkhart, 566 S.W. 2d 871, 873 (Tenn. 1978). Often, the circumstances that are relevant to the issue, such as plea negotiations and the defendant's understanding of and reliance on the bargain, need to be proved at a hearing. Although the court in Smith concluded from the existing record that a withdrawal was unnecessary, it did not overrule any of the procedure used in those cases. In this regard, I believe the conclusion in Summers v. Fortner that the habeas court is to determine solely from the existing record if a petitioner is entitled to withdraw a guilty plea is incorrect. I respectfully believe its holding should be overturned.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE