IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 2, 2014

**STATE OF TENNESSEE v. MARQUIZE BERRY**

**Appeal from the Criminal Court for Shelby County**
**No. 13-00626    J. Robert Carter, Jr.,  Judge**

_____

**No. W2014-00785-CCA-R3-CD – Filed March 18, 2015**

_____


ROGER A. PAGE, J., concurring in part, dissenting in part.



I concur in the excellent lead opinion by Judge Witt. I write separately, however, because I do not agree that the judgment form for Count 3 needs to be corrected. In this case, the learned trial judge entered a judgment on Count 3 to effectuate the jury's finding of guilty of a violation of Tennessee Code Annotated section 39-17-1324(b)(1), the offense of employing a firearm during the commission of a dangerous felony. When an offender does not have a prior felony, the punishment for violation of this statute is at least a mandatory minimum six-year sentence in the department of correction. Tenn. Code Ann. § 39-24-1324(h)(1).

Tennessee Code Annotated section 40-35-501(i)(2) designates several crimes for which a defendant must serve 100% of the sentence imposed by the court. Employing a firearm during the commission of a dangerous felony is not listed in this subsection. However, effective January 1, 2008, the following subsection states, "There shall be no release eligibility for a person committing a violation of § 39-17-1324(a) or (b) . . . until the person has served 100% of the mandatory minimum sentence established in section 39-17-1324(a) or (b)." Tenn. Code Ann. § 40-35-501(j). Thus, by statute, the mandatory minimum portion of a sentence imposed for a conviction pursuant to Tennessee Code Annotated section 39-17-1324(b)(1) *must* be served at 100% release eligibility.

In this case, on Count 3, the trial judge correctly noted appellant's offender status as "Standard." As to release eligibility, he checked "Violent 100%." He also correctly delineated the minimum six-year sentence on the judgment.

The uniform judgment document to be used by trial judges in criminal cases is set forth in Tennessee Supreme Court Rule 17. Under the heading of "Release Eligibility,"

which notably instructs the trial judge to "check one," several options are listed by which a trial judge may indicate "100%" for a qualifying offense. However, a first violation of section 39-17-1324 is not listed as an option. The trial judge in this case was limited to selecting the closest category of either "violent" or "multiple 39-17-1324" to effectuate 100% release eligibility, neither of which was technically accurate. Perhaps, he could have elided the word "violent" and left the 100% designation. The trial judge also had the additional option of utilizing the "Special Conditions" section of the uniform judgment document to specify appellant's 100% release eligibility.

Looking to our supreme court for guidance on this issue, I find the analogous case of *Cantrell v. Easterling*, 346 S.W.3d 445 (Tenn. 2011), to be persuasive. In *Cantrell*, the supreme court reiterated that documents such as the uniform judgment form are "binding" on the Tennessee Department of Correction ("TDOC"). *Id.* at 457. "TDOC is required to enforce judgment orders as they are written. TDOC does not have the authority to 'correct' what it perceives to be errors, clerical or otherwise, in judgment orders." *Id.* In that case, the trial court incorrectly sentenced that appellant as a Range II, multiple offender on his aggravated rape convictions rather than the mandatory "Multiple Rapist 100%" status, resulting in his being eligible for parole. *Id.* at 456. However, according to Tennessee Code Annotated section 39-3-523(c), appellant Cantrell was not eligible to be considered for parole. *Id.* at 457. As the *Cantrell* court stated, the result was that "TDOC [was] caught in the middle, between a fundamentally flawed judgment order and a legislative mandate." *Id.* The court opined, "This result is not acceptable." *Id.* Accordingly, because the sentence imposed by the trial court in that case was in contravention of the statute requiring mandatory 100% service of the sentence, the sentences were rendered illegal and void. *Id.*

Should this court amend appellant's judgment form to reflect that he is a standard offender without further imposing a 100% release eligibility, as mandated by the statute, we would, in turn, render this judgment illegal and void. *See id.*; *see also Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (concluding that a sentence is illegal and void because it included a release eligibility date in contravention of a statute).

The sentence range for a Range I, standard offender who commits a class C felony is three to six years. *See* Tenn. Code Ann. §§ 40-35-105(b), -112(a)(3). In this particular case, pursuant to the above statutes, the only legal sentence that could have been imposed was six years at 100% release eligibility.[1] Given the limitation of the uniform judgment

---

[1] I recognize that under the sentencing criteria for a violation of Tennessee Code Annotated section 39-17-1324(a) or (b), it is possible to have a sentence for which a portion must be served at 100% release eligibility and the remainder served at a different release eligibility. In those instances, the better practice would be for the trial judge to utilize the "Special Conditions" section of the uniform judgment document to explain the sentence.

document, I believe that the trial judge was correct in the manner in which he completed the form. I do not believe that it needs to be corrected.

_____
ROGER A. PAGE, JUDGE