# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 24, 2011 at Knoxville

## MICHAEL D. O'GUIN v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Wayne County
### No. 14914     Stella L. Hargrove, Judge

### No. M2010-02039-CCA-R3-HC - Filed August 17, 2011

The Petitioner, Michael D. O'Guin, appeals as of right from the Wayne County Circuit Court's summary dismissal of his petition for a writ of habeas corpus. The Petitioner contends (1) that his sentence is illegal because it is in violation of Tennessee Code Annotated section 39-13-523(b) and (2) that his sentence has expired because he has served 85 percent of it. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Michael D. O'Guin, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

The Petitioner was originally indicted on 15 counts of rape of a child. Michael D. O'Guin v. Kevin Myers, No. M2003-02846-CCA-R3-HC, 2004 WL 2290487, at *1 (Tenn. Crim. App. Oct. 12, 2004), perm. app. denied (Tenn. Feb. 28, 2005). On June 10, 1998, the Petitioner pled guilty to one count of rape of a child. See Tenn. Code Ann. § 39-13-522. The judgment filed that day stated that the Petitioner was sentenced to 15 years as a Range I, standard offender with an early release eligibility of 30 percent. On July 8, 1998, the trial court entered an amended judgment sentencing the Petitioner as a child rapist and ordering the sentence to be served at 100 percent.

In 2003, the Petitioner filed a petition for writ of habeas corpus alleging that the original judgment imposed an illegal sentence, voiding both the original and amended judgments. O'Guin, 2004 WL 2290487 at *1. The habeas corpus court's denial of the petition was affirmed by a panel of this court. Id. at *2. This court concluded that while the sentence in the original judgment was illegal, "the trial court corrected the judgment by issuing an amended judgment within [30] days before the judgment was final, which it [had] authority to do." Id. This court further concluded that the amended judgment was "the judgment by which the Petitioner [was] being held" and that it "clearly orders the correct sentence and the correct conviction." Id. On July 14, 2010, the Petitioner filed a second petition for writ of habeas corpus. The trial court summarily dismissed the petition on August 26, 2010, and this appeal followed.

ANALYSIS

The Petitioner raises several arguments in his appellate brief and the documents filed in the habeas corpus court. In all but one of these arguments, the Petitioner contends that his sentence is illegal because it provided him with a release eligibility percentage where he was not entitled to any early release. The Petitioner's main contention is that the sentence reflected in the amended judgment is illegal because it provided him "with the possibility of a [15] percent reduction based on sentence reduction credits." The Petitioner further contends that because he has served 85 percent of his sentence, it has expired. The State responds that there is nothing on the face of the amended judgment to show that the Petitioner was provided with "the possibility of a [15] percent reduction based on sentence reduction credits" or that the Petitioner's sentence has expired.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

Our legislature recently amended the statute which sets forth the grounds for seeking a writ of habeas corpus in this state. The statute now provides that "[p]ersons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that . . . [t]he petitioner's sentence included a release eligibility percentage where the petitioner was not entitled to any early release[.]" Tenn. Code Ann. § 29-21-101(b)(2). This provision applies to all habeas corpus petitions filed on or after June 11, 2009. Act of June 2, 2009, ch. 420 § 3, 2009 Tenn. Pub. Acts ___. The Petitioner pled guilty to the underlying conviction in this case and his petition was filed in 2010, after the effective date of the amendment. The majority of the Petitioner's arguments allege that his sentence included a release eligibility percentage where he was not entitled to one. Accordingly, we conclude that the Petitioner's claims that his sentence is illegal are not cognizable in a habeas corpus proceeding.

However, we take this opportunity to once again address a statutory anomaly found in Tennessee Code Annotated section 40-35-501. The Petitioner's main contention in his petition and appellate brief is that the sentence reflected in the amended judgment is illegal because it is in violation of Tennessee Code Annotated section 39-13-523(b). Section 39-13-523(b) provides that, "[n]otwithstanding any other law to the contrary, a . . . child rapist . . . shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits the person may be eligible for or earn." The Petitioner argues that the amended judgment provides him "with the possibility of a [15] percent reduction based on sentence reduction credits." However, there is nothing on the face of the amended judgment to suggest that the Petitioner was given the opportunity to receive a 15 percent reduction in his sentence. The amended judgment reflects that the Petitioner was sentenced as a child rapist pursuant to the Sentence Reform Act of 1989. In support of his claim, the Petitioner instead relies on statements in this court's opinion on his first habeas corpus petition that the trial court "ordered that the sentence be served [100] percent, with the possibility of a [15] percent reduction based on sentence reduction credits." O'Guin, 2004 WL 2290487 at *1.

The confusion between this court's statements in the first O'Guin opinion and the face of the amended judgment arises from a statutory anomaly found in Tennessee Code Annotated section 40-35-501(i)(2). Section 40-35-501(i)(1) provides that defendants convicted of certain enumerated crimes "shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained" up to 15 percent. Rape of a child is listed as one of the enumerated offenses. Tenn. Code Ann. § 40-35-501(i)(2)(I). However, section 40-35-501(i)(3) provides that "[n]othing in this subsection (i) shall be construed as affecting, amending or altering § 39-13-523, which requires . . . child rapists . . . to serve the entire sentence imposed by the court undiminished by any sentence reduction credits." Additionally, section 39-13-523(c) provides that section 40-35-501 "shall

not apply to or authorize the release of a . . . child rapist . . . prior to service of the entire sentence imposed by the court." Our supreme court has stated that "[i]t is unclear why the legislature chose to include" rape of a child in section 40-35-501(i)(2) but that "it is clear from the other relevant statutory language that sentences imposed for rape of a child must be served [100] percent." Smith v. Lewis, 202 S.W.3d 124, 128 (Tenn. 2006). The legislature continues to maintain this byzantine and confusing statutory anomaly despite our supreme court's thorough review of its troublesome nature.

Given the fact that section 40-35-501(i)(1) "appears to contemplate that a sentence of rape of a child may be reduced up to [15] percent for sentence credits," the Petitioner's confusion on this issue is to be expected. Smith, 202 S.W.3d at 128. The Petitioner contends that Smith supports his argument that the amended judgment contains an illegal sentence. However, unlike the present case, Smith was decided prior to the 2009 amendment to section 29-21-101 barring these types of claims. Furthermore, the amended judgment at issue in Smith stated in the "Special Conditions" section that "pursuant to TCA 40-35-501 [Smith] must serve at least 85% before being eligible for parole consideration." Id. at 126. As noted above, the amended judgment reflects that the Petitioner was sentenced as a child rapist pursuant to the Sentence Reform Act of 1989 and contains no mention of any opportunity for the Petitioner to earn sentence reduction credits. This court's prior statements that the amended judgment "ordered that the sentence be served at [100] percent, with the possibility of a [15] percent reduction based on sentence reduction credits" is misplaced. O'Guin, 2004 WL 2290487 at *1. The opinion was filed in 2004, two years before our supreme court discussed and clarified the statutory anomaly found in section 40-35-501(i)(1). Additionally, the opinion only cites to subsections (i)(1) and (i)(2) and appears to have overlooked sections 39-13-523 and 40-35-501(i)(3). Accordingly, we conclude that the sentence as reflected in the amended judgment is valid and that the Petitioner's issue is without merit.

The Petitioner also contends that his sentence has expired because he has served more than 85 percent of his sentence.[1] As discussed above, the Petitioner is statutorily required to serve 100 percent of his sentence and is not eligible for sentence reduction credits. Accordingly, the Petitioner's sentence has not expired. Furthermore, even if the Petitioner were entitled to earn sentence reduction credits, "claims regarding the miscalculation or misapplication of sentence reduction credits are not cognizable in a habeas corpus petition." Tucker v. Morrow, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009). Accordingly, we conclude that this issue is without merit.

---

[1]The Petitioner contends that he was scheduled to be released from prison on March 30, 2011, but that his lifetime sex offender supervision is a restraint of liberty sufficient to give him standing to petition the court for habeas corpus relief. The State does not contest this argument.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE