IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2013

# DEXTER F. JOHNSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 15333    Jim T. Hamilton, Judge**

_____

**No. M2013-00965-CCA-R3-HC - Filed November 21, 2013**

_____

In 1994, the Petitioner, Dexter F. Johnson, was convicted of two counts of first degree murder, one count of attempted first degree murder, and one count of attempted aggravated burglary. The Petitioner pled guilty in an agreement that provided that he would receive a life sentence for the two first degree murder convictions, twenty-five years for the attempted first degree murder conviction, and six years for the attempted aggravated burglary conviction. Thereafter, the Petitioner filed four unsuccessful petitions for habeas corpus relief. *See Dexter F. Johnson v. Carlton, Warden*, E2008-02032-CCA-R3-HC, 2010 WL 323126 (Tenn. Crim. App., at Knoxville, Jan. 27, 2010), *perm. app. denied* (Tenn. June 30, 2010). The Petitioner then filed a fifth petition for habeas corpus relief, which the habeas corpus court summarily dismissed. The Petitioner appeals, contending that the habeas corpus court erred when it dismissed his petition because the State's motion to dismiss did not comply with Tennessee Code Annotated section 29-21-116, as the State did not attach a judgment form or indictment to the motion to dismiss. Upon a review of the record in this case, we conclude that the habeas corpus court properly denied the petition for habeas corpus relief. Accordingly, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JERRY L. SMITH, and JAMES CURWOOD WITT, JR., JJ., joined.

Dexter F. Johnson, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts and Background

In a previous opinion denying the Petitioner's appeal of the dismissal of his fourth petition for habeas corpus, we summarized the facts as follows:

The record before us reveals that on February 11, 1994, the [P]etitioner pled guilty to two counts of first degree murder, one count of attempt to commit first degree murder, and one count of attempted aggravated burglary. The plea agreement provided that the [P]etitioner would receive a sentence of life in prison for the two first degree murder convictions, twenty-five years for attempt to commit first degree murder, and six years for attempted aggravated burglary, with the sentences to run concurrently. Subsequently, the [P]etitioner filed a petition for post-conviction relief. The post-conviction court dismissed the petition, and, on appeal, this court affirmed the dismissal. *Dexter Johnson v. State*, No. 03C01-9503-CR-00088, 1996 WL 49252, at *1 (Tenn. Crim. App. at Knoxville, Feb. 13, 1996). Thereafter, the [P]etitioner filed three unsuccessful petitions for habeas corpus relief. *See Dexter Frank Johnson v. Tony Parker, Warden*, No. E2006-00313-CCA-R3-HC, 2007 WL 1259205 (Tenn. Crim. App. at Knoxville, Apr. 30, 2007); *Dexter Frank Johnson v. State*, No. E2004-01260-CCA-R3-HC, 2004 WL 1945744 (Tenn. Crim. App. at Knoxville, Sept. 2, 2004); *Dexter Johnson v. State*, No. 03C01-9707-CR-00241, 1999 WL 41837 (Tenn. Crim. App. at Knoxville, Feb. 2, 1999).

*Johnson*, 2010 WL 323126, at *1.

The Petitioner filed a fifth petition for habeas corpus relief in February of 2013, contending that his guilty plea constituted an *ex post facto* violation, thus rendering his judgment void. The State responded with a motion to dismiss. The Petitioner filed a response to the State's motion, alleging that the State failed to comply with Tennessee Code Annotated section 29-21-116. The habeas corpus court dismissed the petition because "[t]he [Petitioner] has made no showing that the trial court imposed an illegal sentence, or if such was, that it was a bargained-for element. Nor are the [Petitioner's] constitutional claims cognizable in a habeas corpus petition." The Petitioner filed a timely notice of appeal.

### II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition because the State's motion to dismiss did not comply with Tennessee Code Annotated section 29-21-116. The State counters that the requirements of Tennessee Code Annotated section 29-21-116 are triggered only after the writ of habeas corpus is

issued. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 et. seq. (2006). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). No answer is required by the State for a case to be summarily dismissed on only an application for the writ. *Victor McConnell v. Carlton, Warden*, No. E2008-00986-CCA-R3-HC, 2009 WL 1392544, at *2 (Tenn. Crim. App., at Knoxville, May 19, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009).

In the case presently before us, the Petitioner specifically argues that the State failed to comply with Tennessee Code Annotated section 29-21-116(b)(3). That statute provides the following relative to habeas corpus proceedings:

(a) Service being made in any of the modes provided for in this part, the defendant shall appear at the proper time, and make due return of the writ, and answer the petition, if required.

(b) The person served with the writ shall state in the return, plainly and unequivocally:

(1) Whether the person then has, or at any time has had, the plaintiff in the person's control or restraint, and, if so, the authority and cause thereof, setting out the same fully;

(2) If the party is detained under a writ, warrant, or other written authority, a copy thereof shall be annexed to the return, and the original shall be produced and exhibited to the court or judge, if required; and

(3) If the person on whom the writ has been served, has had the plaintiff in the person's custody or power or under the person's

restraint, at any time before or after the date of the writ, but has transferred the plaintiff to another person, that person shall state the facts explicitly, and to whom, at what time, for what cause, and by what authority such transfer was made.

We conclude that the Petitioner's argument lacks merit because section 29-21-116 "only applies after a writ of habeas corpus has been issued by the lower court. Section 29-21-116 does not apply in situations, like this case, where the habeas corpus court has summarily dismissed the petition for failure to present a cognizable claim for habeas corpus relief." *Clifton Douglas v. Easterling, Warden*, No. W2010-00382-CCA-R3-HC, 2010 WL 5549052, at *3 (Tenn. Crim. App., at Jackson, Dec. 29, 2010). Further, as previously stated, no answer is required by the State. *McConnell*, 2009 WL 1392544, at *2. The State filed a motion to dismiss, which included a basis for dismissal of the petition. Because Section 29-21-116 is inapplicable in this case, and because the State provided the habeas corpus court with a sufficient basis to support the summary dismissal of the petition, the Petitioner is not entitled to relief on this issue. The habeas corpus court's dismissal of the petition and this Court's opinion reflect the fact that "the grounds upon which habeas corpus relief may be granted in this state are very narrow and technical[.]" *Douglas*, 2010 WL 5549052, at *2. The Petitioner is not entitled to relief on this issue.

The Petitioner filed a reply brief on appeal asserting an additional argument that his guilty plea constitutes an *ex post facto* violation, rendering his judgment void. The Petitioner's brief, however, provides no argument in support of this claim. Tennessee Court of Criminal Appeals, Rule 10 (b), provides that "[i]ssues which are not supported by argument, citations to authorities, or appropriate references to the record will be treated as waived by the court." Moreover, as was held by the habeas corpus court, the Petitioner's claim is not one that is cognizable under the habeas corpus statutes. Accordingly, we conclude that the Petitioner has waived review of this issue.

### III. Conclusion

Based upon the aforementioned considerations and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE